IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEON HENDERSON ASKEW

                Plaintiff,

vs.                                 Case No. 20-3058-SAC

USP LEAVENWORTH, et al.,

                Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action with claims arising from his incarceration in the federal correctional system. This case appears to be brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1) and the Bivens decision.[1] Plaintiff has used a form complaint. Where the form asks for a brief statement of the nature of the case plaintiff states: "I was assaulted physically and sexually by USP Leavenworth staff" and "See attachments." Doc. No. 1, p. 3. The attachments include a Form 95 administrative claim for damage, injury or death and a letter from the Bureau of Prisons acknowledging receipt of the claim. The Form 95 refers to events at USP Leavenworth on February 21, 2018 and to events at a BOP institution at Victorville, California on or around March 2016. Because plaintiff's complaint

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

mentions only that he was assaulted at USP Leavenworth, the court will construe the complaint as limited to the events at USP Leavenworth on February 21, 2018.[2]

This case is before the court for screening pursuant to 28 U.S.C. § 1915A.

## I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply

---

[2] A tort claim accruing in 2016 would appear to be untimely under the FTCA. 28 U.S.C. § 2401(b)("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). Also, a Bivens action arising from a different prison in 2016 would not be properly joined to an action arising from USP-Leavenworth in 2018. "While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" Golston v. Correct Care Solutions, 2012 WL 2119983 *3 (D.Kan. 6/11/2012)(quoting Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)).

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).

A viable civil rights claim must establish that each defendant caused a violation of plaintiff's constitutional rights.  Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

As stated before, plaintiff's complaint alleges that he was physically and sexually assaulted by staff at USP-Leavenworth on February 21, 2018.  One defendant, a medical staff member, is mentioned by name ("Gregory") in the complaint and in the Form 95.

III. Federal Tort Claims Act

The FTCA allows a plaintiff to assert a claim for money damages against the United States "for injury or loss of property,

or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the United States.[3]  28 U.S.C. § 1346(b)(1).  The FTCA also allows for an action against the United States for assault or battery committed by officers empowered by law to execute searches, to seize evidence, or to make arrests.  28 U.S.C. § 2680(h).  Only the United States, however, is a proper defendant in a lawsuit under the FTCA.  Plaintiff names USP-Leavenworth and mostly unnamed individuals as defendants.[4]  "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." Wexler v. Merit Sys. Prot. Bd., 1993 WL 53548 *2 (10th Cir. 2/17/1993)(citing Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990) and Vernell v. U.S. Postal Service, 819 F.2d 108, 110 (5th Cir. 1987)); see also Ngiendo v. Social Security Administration, 547 Fed.Appx. 913, 914 (10th Cir. 2013); Hudson v. Cahill, 2015 WL 6738714 *2 (D.Kan. 11/4/2015); Davenport v. U.S. Dept. of Treasury, 2015 WL 1346847 *1 (D.Kan. 3/25/2015).

If plaintiff wishes to bring an FTCA claim, he will have to file an amended complaint naming the United States as a defendant.

---

[3] The FTCA does not provide for recovery against the United States for constitutional torts.  F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994); Engle v. Mecke, 24 F.3d 133, 135 (10th Cir. 1994).  Nor may a Bivens claim for recovery upon a constitutional tort be brought against the United States or an agency thereof.  Meyer, 510 U.S. at 486.

[4] The caption of the complaint lists as defendants:  "USP Leavenworth, USP Health Services Gregory", "USP unknown staff", and "BOP unknow[n] staff & institution."

IV. Bivens claims

A Bivens claim is an action for damages against a federal official in his individual capacity alleging that the official violated the plaintiff's constitutional rights. Smith v. U.S., 561 F.3d 1090, 1099 (10th Cir. 2009). Liberally construing plaintiff's complaint and incorporating the allegations in plaintiff's Form 95, a claim may be stated against defendant Gregory. But, plaintiff fails to identify or make allegations against other individual correctional officers or staff in a manner that gives fair notice of plaintiff's claims or would permit service of process. If plaintiff wishes to sue other individuals, he will need to identify the individuals by name or by a label such as "John Doe #1" and specify what actions the individuals committed to violate plaintiff's constitutional rights.

V. Conclusion

If plaintiff wishes to bring an FTCA claim against the United States or a Bivens action against individual defendants in addition to defendant Gregory, then plaintiff must file an amended complaint by June 19, 2020 which corrects the deficiencies discussed herein. An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.[5]

---

[5] An amended complaint should not rely too heavily upon the court to search through exhibits to attempt to determine the plaintiff's claims and allegations. See Cohen v. Delong, 369 Fed.Appx. 953, 956-57 (10th Cir. 2010)("Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits."); Blaurock v. Kansas, 2014 WL 6472870 *2 (D.Kan. 11/18/2014).

An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2020, at Topeka, Kansas.

s/Sam A. Crow  _____
Sam A. Crow, U.S. District Senior Judge