IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEON HENDERSON ASKEW

                Plaintiff,

vs.                                        Case No. 20-3058-SAC

USP LEAVENWORTH, et al.,

                Defendants.

## O R D E R

Plaintiff has filed an amended complaint in reaction to the court's screening order – Doc. No. 5. The amended complaint alleges that plaintiff was sexually assaulted on February 21, 2018 at USP-Leavenworth by a person named Gregory in "health services" while he was naked and pinned down by four unnamed correctional officers whom he designates as "John Doe # 1-4". Doc. No. 6, p. 4. Plaintiff further alleges that he was struck on the head with a blunt object by John Doe # 1 and repeatedly attacked and punched while he was on the ground by John Does # 2-4. Id. at pp. 4-5. The amended complaint also lists the "United States (Judge Wyle Y. Daniels)" as a defendant. Id. at p.3. It asserts that the "United States placed [plaintiff] in their custody with Gross Negligence and Negligence . . . knowing that I was [falsely] imprisoned after serving notice of 'fraud on the court' in the United States District Court District of Colorado . . ." Id. at p. 2. J. Wilson

1

and B. Cordell are also listed as defendants in the caption of the amended complaint. In an exhibit to the amended complaint (Doc. No. 6-1, pp. 5-7), plaintiff alleges that Wilson and Cordell failed in an attempt to coverup what plaintiff describes as "attempted murder."

This case is before the court for screening of the amended complaint. The court applies the screening standards discussed at pp. 2-4 of Doc. No. 5.

Upon review, it appears to the court that plaintiff futilely intends to sue the late Wiley Young Daniel, a United States District Court who served in the District of Colorado.[1] Plaintiff, however, has misspelled the name. Plaintiff's conclusory allegations fail to state a claim against Judge Daniel and are obviously barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9 (1991)(per curiam); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In any event, courts hold that you cannot sue a dead person. LN Management, LLC v. JP Morgan Chase Bank, N.A., 957 F.3d 943, 951 (9th Cir. 2020). Therefore, the court shall direct that Daniel be dismissed as a defendant. The court, however, shall direct the Clerk to list the United States as a defendant.

---

[1] Judge Daniel passed away on May 10, 2019.

2

Plaintiff also has failed to state a claim against defendants Wilson and Cordell.  The amended complaint contains no allegations against Wilson and Cordell.  While the court may consider exhibits as part of the complaint, the court is not obliged to scour the exhibits for the legal theory or elements of a cause of action.  See Cohen v. Delong, 369 Fed.Appx. 953, 956-57 (10th Cir. 2010)(affirming dismissal of complaint which did not state how rights had been violated, but referred to various exhibits); Marks v. Bush, 2014 WL 28710 *1 n. 2 (D.Kan. 1/2/2014)(the court is not obliged to parse numerous exhibits for elements that plaintiff omitted from his complaint).

The court shall permit this matter to proceed against defendant Gregory, the United States, and the four John Doe defendants.  The Clerk is directed to issue summons to be served upon defendant Gregory and the United States at no cost to plaintiff absent a showing that plaintiff is able to pay the cost for such service.  Copies of this order shall be transmitted to the parties and to the U.S. Attorney for the District of Kansas.

It is plaintiff's responsibility to provide adequate identifying information so that service may be effectuated upon each individual defendant.

In conclusion, this case shall proceed upon the amended complaint.  The court, however, directs that plaintiff's claims against defendant Daniels be dismissed and that plaintiff's claims

3

against defendants Wilson and Cordell be dismissed without prejudice. The court further directs that the Clerk issue summons for service upon the United States and defendant Gregory, and that copies of this order be transmitted to the parties and to the U.S. Attorney for the District of Kansas.

**IT IS SO ORDERED.**

Dated this 26 day of June, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge