IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEON HENDERSON ASKEW )
)
        Plaintiff, )
)
v. ) Case No.: 20-3058-TC-KGG
)
UNITED STATES OF AMERCIA, *et al.*, )
)
        Defendants. )
_____)

**MEMORANDUM & ORDER ON
MOTION FOR DISCOVERY AND MOTOIN TO STAY**

Now before the Court are the "Motion for Complete (Full) Discovery" (Doc. 31) filed by Plaintiff and the Motion to Stay Discovery (Doc. 32) filed by Defendants. Having reviewed the submissions of the parties, Plaintiff's motion (Doc. 31) is **DENIED without prejudice** and Defendants' motion (Doc. 32) is **GRANTED** for the reasons set forth below.

**FACTUAL BACKGROUND**

In the present action, Plaintiff, who is representing himself *pro se*, alleges violations of his Civil Rights. The facts of this case were summarized by the District Court in the screening process as follows:

> The amended complaint alleges that plaintiff was sexually assaulted on February 21, 2018 at USP-Leavenworth by a person named Gregory in 'health

1

> services' while he was naked and pinned down by four unnamed correctional officers whom he designates as 'John Doe # 1-4'. Doc. No. 6, p. 4. Plaintiff further alleges that he was struck on the head with a blunt object by John Doe # 1 and repeatedly attacked and punched while he was on the ground by John Does # 2-4. *Id*. at pp. 4-5. The amended complaint also lists the 'United States (Judge Wyle Y. Daniels)' as a defendant. *Id*. at p.3. It asserts that the 'United States placed [plaintiff] in their custody with Gross Negligence and Negligence … knowing that I was [falsely] imprisoned after serving notice of 'fraud on the court' in the United States District Court District of Colorado …' *Id*. at p. 2. J. Wilson and B. Cordell are also listed as defendants in the caption of the amended complaint. In an exhibit to the amended complaint (Doc. No. 6-1, pp. 5-7), plaintiff alleges that Wilson and Cordell failed in an attempt to coverup what plaintiff describes as 'attempted murder.'

(Doc. 7, at 1-2.)   During its screening procedure, the District Court dismissed Daniel, Wilson, and Cordell as Defendants. (*Id*., at 2-3.)

A motion for summary judgment and motion to dismiss for lack of jurisdiction was filed by Defendants in October 2020. (Doc. 17.)  That motion is currently pending before the District Court.

Defendants now move for an Order staying this litigation until the District Court issues its order on the dispositive motion. (Doc. 32.)  Defendants contend that a stay is warranted because

> Defendant Gregory is entitled to immunity from suit, and under prevailing Tenth Circuit and Supreme Court jurisprudence, immunity entitles that party to avoid the burdens of litigation including discovery. Additionally, Defendants' pending motions may conclude the *Bivens*

>and FTCA litigation, and discovery is not only unnecessary to resolution of the motions, but also wasteful and unduly burdensome under the circumstances.

(Doc. 33, at 1.)

## ANALYSIS

### I. Motion to Stay (Doc. 32).

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." **Toney v. Harrod**, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing **Pet Milk Co. v. Ritter**, 323 F.2d 586, 588 (10th Cir. 1963); **McCoy v. U.S.**, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." **Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.**, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. **McCoy**, 2007 WL 2071770, at *2.

Even so, "a stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome." **Toney**, 2018 WL 5830398, at *1. *See also* **Citizens for Objective**

3

*Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* **Kutilek v. Gannon**, 132 F.R.D. 296, 297–98 (D. Kan. 1990).  Also, a stay is appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity.  *Id.*, at *2.  Defendants' dispositive motion pending before the District Court argues that Plaintiffs' Complaint should be dismissed based on Defendants' qualified and sovereign immunity.  (*See generally* Docs. 32, 33.)

As stated by the United States Supreme Court in **Ashcroft v. Iqbal**, a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses.  556 U.S. 662, 686, 129 S.Ct. 1937, 1954, 173 L.Ed.2d 868 (2009).  It is well established that the immunity defense gives government officials "a right … to avoid the burdens of 'such pretrial matters as discovery … .'"  **Behrens v. Pelletier**, 516 U.S. 299, 308, 116 S.Ct. 834, 839, 133 L.Ed.2d 773 (1996) (internal citation omitted).

It is well-established that the burdens of litigation have an inherent cost not only to the officials being sued, but society as a whole.  "These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office."  **Harlow v. Fitzgerald**, 457 U.S. 800, 814, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982).  According to Defendants, "the diversion of resources for this case is

4

considerable, as Plaintiff's suit will consume the time and resources of numerous current and former Federal Bureau of Prisons employees." (*Id.*) Further, Defendants assert that if their dispositive motion is granted, "the case will be concluded, making discovery moot." (*Id.*, at 4.)

Courts in this District have generally found "when immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue." ***Garrett's Worldwide Enterprises, LLC, et al. v. U.S.***, No. 14-2281-JTM, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014). While limited circumstances exist in which discovery may be permitted on narrowly tailored issues after an immunity is raised, the fact remains that "plaintiff bears the burden of demonstrating 'how [such] discovery will raise a genuine fact issue as to defendant's … immunity claim.'" ***Martin v. County of Santa Fe***, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (in the context of a qualified immunity defense) (quoting ***Cole v. Ruidoso Mun. Sch.***, 43 F. 3d 1373, 1387 (10th Cir. 1994)).

Plaintiff in this case has failed to respond to Defendants' motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). Thus, Plaintiff has not met, let alone even addressed, this burden.

As such, Defendants' Motion to Stay (Doc. 33) is **GRANTED** until the District Court rules on Defendants' dispositive motion. In reaching this

determination, the Court makes no inference or findings as to the potential validity of Defendants' sovereign and qualified immunity defenses.

## II.  Motion for Discovery (Doc. 33).

Also pending before the Court is Plaintiff's "Motion for Complete (Full) Discovery," in which he lists four categories of information he contends he has sought from defense counsel, apparently by telephone. (Doc. 33.) The Court notes that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) … ." Fed.R.Civ.P. 26(d). There is no indication that the parties have engaged in their Rule 26(f) conference. No Scheduling Order has been entered in this case and there has not even been an initial order setting a Scheduling Conference because of the filing of Defendants' dispositive motion. As such, the time for discovery in this case has not commenced pursuant to Fed.R.Civ.P. 26. Further, as discussed above, the Court has stayed discovery pending the resolution of Defendants' dispositive motion.

The Court therefore **DENIES** Plaintiff's motion **without prejudice**. Plaintiff is free to refile this motion, if he deems it necessary, if and when the discovery period commences in this case following resolution of the dispositive motion. The parties are reminded that motions relating to discovery must comply with Fed.R.Civ.P. 37 and D. Kan. Rule 37.1.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Discovery (Doc. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay (Doc. 32) is **GRANTED**.

IT IS SO ORDERED.

Dated this 8th day of January, 2021, at Wichita, Kansas.

                                             S/ KENNETH G. GALE
                                             HON. KENNETH G. GALE
                                             U.S. MAGISTRATE JUDGE