IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEON HENDERSON ASKEW )
)
        Plaintiff, )
)
v. )   Case No.: 20-3058-TC-KGG
)
UNITED STATES OF AMERCIA, *et al.*, )
)
        Defendants. )
_____)

**MEMORANDUM & ORDER ON**
**MOTION FOR DISCOVERY**

Now before the Court is the "Motion for Complete (Full) Discovery" (Doc. 40) filed by Plaintiff. The motion is **DENIED** for the reasons set forth below.

**FACTUAL BACKGROUND**

In the present action, Plaintiff, who is representing himself *pro se*, alleges violations of his Civil Rights. The facts of this case were summarized by the District Court in the screening process as follows:

> The amended complaint alleges that plaintiff was sexually assaulted on February 21, 2018 at USP-Leavenworth by a person named Gregory in 'health services' while he was naked and pinned down by four unnamed correctional officers whom he designates as 'John Doe # 1-4'. Doc. No. 6, p. 4. Plaintiff further alleges that he was struck on the head with a blunt object by John Doe # 1 and repeatedly attacked and punched while he was on the ground by John Does # 2-4. *Id.* at

1

> pp. 4-5.  The amended complaint also lists the 'United States (Judge Wyle Y. Daniels)' as a defendant.  *Id*. at p.3.  It asserts that the 'United States placed [plaintiff] in their custody with Gross Negligence and Negligence … knowing that I was [falsely] imprisoned after serving notice of 'fraud on the court' in the United States District Court District of Colorado …'  *Id*. at p. 2. J. Wilson and B. Cordell are also listed as defendants in the caption of the amended complaint.  In an exhibit to the amended complaint (Doc. No. 6-1, pp. 5-7), plaintiff alleges that Wilson and Cordell failed in an attempt to coverup what plaintiff describes as 'attempted murder.'

(Doc. 7, at 1-2.)   During its screening procedure, the District Court dismissed Daniel, Wilson, and Cordell as Defendants.  (*Id*., at 2-3.)

A motion for summary judgment/motion to dismiss for lack of jurisdiction was filed by Defendants in October 2020.  (Doc. 17.)  Plaintiff's response to the dispositive motion asked to add a new Defendant.  (Docs. 24, 25.)  Plaintiff also filed a separate motion asking to add new Defendants.  (Docs. 26.)  All of these motions were recently denied by the District Court.  (Doc. 39, 4/22/21 minute entry; Doc. 41, transcript of telephone conference.)  Defendant Gregory has, however, very recently filed a motion (Doc. 42) requesting the District Court reconsider its Order denying his motion for summary judgment.[1]

While the dispositive motion was pending, Plaintiff filed his first "Motion for Complete (Full) Discovery) (Doc. 31) and Defendants moved for an Order

---

[1] The time has not yet expired for Plaintiff to respond to that motion to reconsider.

staying this litigation (Doc. 32). The undersigned Magistrate Judge denied Plaintiff's motion for discovery and granted the stay pending the District Court's determination of the dispositive motion (which, as stated above, has now been denied). (*See* Doc. 34.) Because the District Court's decision has been entered, **the stay of this case is now lifted**.

Plaintiff has again filed a Motion for Discovery. (Doc. 40.) Plaintiff requests "full discovery" that is "in accordance" with the "status conference" the parties held with the District Court, by telephone, on April 22, 2021, during which the District Court denied Defendants' dispositive motion. (Doc. 40.)

## ANALYSIS

Parties generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) … ." Fed.R.Civ.P. 26(d). Because Plaintiff is a *pro se* prisoner and/or the case directly relates to his incarceration, this case is exempt from the requirement of having the parties engage in a Rule 26(f) scheduling conference. *See* D. Kan. Rule 16.1(b).

The Court will, however, require a Scheduling Order to be entered in this case. Although the individual Defendant has requested the District Court reconsider the denial of Defendant's dispositive motion (*see* Doc. 42), Defendant United States has filed its Answer (Doc. 44) to Plaintiff's Amended Complaint. Further, the Defendants in this case are represented by the same attorney from the

U.S. Attorney's Office.  As such, the Court will, by separate order, set this case for a telephone conference with the parties, during which the Court, with input from the parties, will compile the Scheduling Order in this case.  Once that conference has occurred – and **after the resulting Scheduling Order has been entered** – the parties may begin conducting discovery as they see it (in accordance with the parameters and limitations of the Scheduling Order) **without the necessity of filing a motion requesting discovery**.  The Court therefore **DENIES** Plaintiff's motion.  (Doc. 40.)

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Discovery (Doc. 40) is **DENIED**.

IT IS SO ORDERED.

Dated this 6th day of May, 2021, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE