## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEON HENDERSON ASKEW   )
             )
     Plaintiff,   )
             )
v.           )   Case No.: 20-3058-TC-KGG
             )
UNITED STATES OF AMERCIA, *et al.*, )
             )
     Defendants. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is the "Motion to Compel" (Doc. 87) filed by Plaintiff.

The motion is **DENIED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiff, who is representing himself *pro se*, alleges

violations of his Civil Rights. The facts of this case were summarized by the

District Court in the screening process as follows:

> The amended complaint alleges that plaintiff was
> sexually assaulted on February 21, 2018 at USP-
> Leavenworth by a person named Gregory in 'health
> services' while he was naked and pinned down by four
> unnamed correctional officers whom he designates as
> 'John Doe # 1-4'. Doc. No. 6, p. 4. Plaintiff further
> alleges that he was struck on the head with a blunt object
> by John Doe # 1 and repeatedly attacked and punched
> while he was on the ground by John Does # 2-4. *Id.* at
> pp. 4-5. The amended complaint also lists the 'United

States (Judge Wyle Y. Daniels)' as a defendant.  *Id*. at
p.3.  It asserts that the 'United States placed [plaintiff] in
their custody with Gross Negligence and Negligence …
knowing that I was [falsely] imprisoned after serving
notice of 'fraud on the court' in the United States District
Court District of Colorado …'  *Id*. at p. 2. J.  Wilson and
B. Cordell are also listed as defendants in the caption of
the amended complaint.  In an exhibit to the amended
complaint (Doc. No. 6-1, pp. 5-7), plaintiff alleges that
Wilson and Cordell failed in an attempt to coverup what
plaintiff describes as 'attempted murder.'

(Doc. 7, at 1-2.)   During its screening procedure, the District Court dismissed

Daniel, Wilson, and Cordell as Defendants.  (*Id*., at 2-3.)

A motion for summary judgment/motion to dismiss for lack of jurisdiction

was filed by Defendants in October 2020.  (Doc. 17.)  Plaintiff's response to the

dispositive motion asked to add a new Defendant.  (Docs. 24, 25.)  Plaintiff also

filed a separate motion asking to add new Defendants.  (Docs. 26.)  These motions

were denied by the District Court.[1]  (Doc. 39, 4/22/21 minute entry; Doc. 41,

transcript of telephone conference.).

Plaintiff's currently-pending "Motion to Compel" seeks an Order requiring

to Defendant "to declare under oath that [Plaintiff] never initialed a PREA [Prison

Rape Elimination Act]" claim while incarcerated at FCI McKean.  (Doc. 87.)

---

[1]  Defendant Gregory filed a motion (Doc. 42) requesting the District Court reconsider its
Order denying his motion for summary judgment.  The District Court denied the motion
to reconsider by text entry.  (Doc. 48.)

Plaintiff seeks the sworn declaration to support his claims, to "discredit Dand her sources," and to impeach Defendant.  (*Id.*, at 1-2.)

## LEGAL ANALYSIS

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

Fed.R.Civ.P. 26(b)(1).  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

The purpose of a motion to compel is to seek an order from a court requiring a response or disclosure from a party that has failed to permit discovery.  *Cf. **Sperry v. Corizon Health***, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020) (holding that "[w]hen a responding party fails to make a disclosure or permit discovery, the discovering party may file a motion to

compel.").[2]  The underlying discovery may be in the form of disclosures required by Fed.R.Civ.P. 26(a), deposition testimony, or responses to discovery requests. Fed.R.Civ.P. 37.

As pointed out by Defendant, Plaintiff has not submitted any discovery requests to Defendant.  (Doc. 88, at 2.)  The Court agrees that Defendants "cannot be compelled to answer discovery where no discovery has been served."  (*Id.*) Further, the information sought to be compelled is not of the type required to be included in a party's Rule 26 initial disclosures nor is there any indication that it was the subject of a deposition query that Defendant refused to answer.  Simply stated, a motion to compel is not the appropriate mechanism by which Plaintiff may seek the information at issue.  Rather, it should have been submitted to Defendant as a discovery request (such as an interrogatory or request for admission) or asked in a deposition of Defendant's representative.  The Court therefore **DENIES** Plaintiff's motion.  (Doc. 87.)


**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Discovery (Doc. 40) is **DENIED**.

---

[2] Any such motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  In its response to the motion to compel, Defendant raises Plaintiff's failure to confer as a basis for the motion to be denied.  The Court will, however, address the motion on substantive grounds.

IT IS SO ORDERED.

Dated this 3rd day of January, 202, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE