**In the United States District Court
for the District of Kansas**

---

Case No. 5:20-cv-03058-TC

---

LEON H. ASKEW,

*Plaintiff*

v.

USP LEAVENWORTH, ET AL.,

*Defendants*

---

**MEMORANDUM AND ORDER**

Plaintiff Leon H. Askew, formerly an inmate at the United States Penitentiary in Leavenworth, Kansas, filed suit pro se after certain guards forcibly transferred him to a different facility. *See* Doc. 95 at 2–4. The United States and John Does 1–4 move to dismiss for lack of subject-matter jurisdiction, insufficient service of process, and failure to exhaust administrative remedies. Doc. 98. In the alternative, they move for summary judgment. *Id.* For the following reasons, Defendants' motions are granted.

**I**

**A**

Numerous substantive and procedural rules apply to this case. Each merits specific mention.

**1.** One is subject-matter jurisdiction. Federal courts must be vigilant to ensure they have subject-matter jurisdiction over "every case and at every stage of the proceedings." *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (quoting *Tafoya v. U.S. Dep't of Just., Law Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984)). Because it is fundamental to a federal court's authority to adjudicate, subject-matter jurisdiction is always a live issue and may be challenged at any point by any party to the litigation. *See, e.g., Am. Fire & Cas. Co. v.*

*Finn*, 341 U.S. 6, 16–19 (1951); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982).

Dismissal is required if a court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party invoking a federal court's jurisdiction bears the burden of proving it exists. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 906 F.3d 926, 931 (10th Cir. 2018). If it fails to do so, the opposing party may move for dismissal under Rule 12(b)(1), either by facially attacking the jurisdictional grounds alleged in the Complaint or by challenging the alleged factual basis on which subject-matter jurisdiction rests. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012). In response to a facial challenge, only the parties' pleadings are considered, taking all the plaintiff's well-pleaded allegations as true. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). But when a party raises a factual challenge, the court may "go beyond allegations contained in the complaint" and look at evidence which may "challenge the facts upon which subject matter depends . . . ." *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). In this context, district courts have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (internal quotation marks omitted) (quoting *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)).

**2.** Another is personal jurisdiction. A federal court may only exercise personal jurisdiction over a defendant after the defendant has been properly served with a summons according to Federal Rule of Civil Procedure 4. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). And if a defendant has not been properly served, the claims against that defendant must be dismissed. *Id.*

A plaintiff must effect service of process within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). When the defendant is an individual in the United States, service must be made according to Rule 4(e), which requires the plaintiff to deliver a copy of the summons and complaint to the defendant, leave a copy of each at the defendant's home "with someone of suitable age and discretion who resides there," deliver a copy of each to a legally appointed agent, or follow state law for serving a summons in the relevant jurisdiction. Fed. R. Civ. P. 4(e). Failure to effect proper service results in dismissal without prejudice unless the plaintiff shows good cause or a permissive extension of time is warranted. *Id.*; *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

**3.** Summary judgment, which the Government seeks, is proper under the Federal Rules of Civil Procedure when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "'material' if it might affect the outcome of the suit under the governing law." *Janny v. Gamez*, 8 F.4th 883, 898 (10th Cir. 2021) (quoting *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997)), *cert. dismissed*, 142 S. Ct. 878 (Jan. 26, 2022). And disputes over material facts are "'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citation omitted). Disputes—even hotly contested ones—over facts that are not essential to the claims are irrelevant. Indeed, belaboring such disputes undermines the efficiency Rule 56 seeks to promote.

At the summary judgment stage, material facts must be identified by reference to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *Delsa Brooke Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1173 (10th Cir. 2020). Affidavits or declarations "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated." Fed. R. Civ. P. 56(c)(4); *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021). The court "construe[s] the factual record and reasonable inferences therefrom in the light most favorable to the nonmovant." *Janny*, 8 F.4th at 899 (quoting *Allen*, 119 F.3d at 839–40). That said, the nonmoving party cannot create a genuine factual dispute by making allegations that are purely conclusory, *id.* at 899, or unsupported by the record as a whole, *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Heard v. Dulayev*, 29 F.4th 1195, 1202 (10th Cir. 2022).

The moving party bears the initial burden of showing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters. *Celotex*, 477 U.S. at 324; *Savant Homes*, 809 F.3d at 1137.

**4.** And finally, Askew is proceeding pro se. Pro se pleadings are construed liberally and are held to a less stringent standard than those

drafted by counsel. *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021). Accordingly, courts should overlook any failure to properly cite legal authority, confusion of various legal theories, poor syntax and sentence construction, or apparent unfamiliarity with pleading requirements. *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But the pro se party must still "follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure and the District of Kansas Rules of Practice. *United States v. Green*, 886 F.3d. 1300, 1307 (10th Cir. 2018) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). And, importantly, a pro se litigant is a party to a lawsuit; courts may not abandon the role of an neutral arbiter of that dispute by constructing arguments on their behalf or assuming facts not pled. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

**B**

**1.** The following facts are uncontroverted. They have been summarized from the stipulations in the Pretrial Order. Doc. 95 at 2–4.

Askew's claims stem from an incident that occurred on February 21, 2018, during his incarceration at the United States Penitentiary in Leavenworth, Kansas (USP Leavenworth). Doc. 95 at 2. On that day, Askew was scheduled to be transferred to another facility. *Id.*

Askew refused "to submit to handcuffs for transfer." Doc. 95 at ¶ 2.a.4. USP Leavenworth then assembled a team to remove him from his cell. *Id.* As the team prepared to extract him, Askew attempted to keep them from entering his cell by placing his mattress against the cell door, tying bedsheets to the cell bars, and stuffing material in the lock. *Id.* at ¶¶ 2.a.5–6. Before prison staff used chemicals, Askew told them, "If you use chemicals, I can't get out. That puts my heart in jeopardy."[1] *Id.* at ¶ 2.a.7. Humphrey, a USP Leavenworth guard, replied, "If you submit to restraints, we will not have to use chemicals." *Id.* Askew stated, "That means I can die." *Id.*

---

[1] Askew's heart condition was recorded in his medical records with the Bureau of Prisons. Doc. 95 at ¶ 23. He has mentioned his condition several times, *see, e.g.*, *id.* at 5, but has not provided any evidence of damages related to it. No claims related to Askew's heart condition appear to be preserved in the Pretrial Order. *See* Doc. 95.

USP Leavenworth staff nevertheless forced their way into Askew's cell. Doc. 95 at ¶ 2.a.8. They shot pepper ball spray into the cell in an effort to subdue Askew and cut the lock with a chop saw. *Id.* at ¶¶ 2.a.8–9. Once the door was open, Askew laid face-down on the floor of the cell. *Id.* at ¶ 2.a.10. USP Leavenworth staff then restrained Askew. *Id.* at ¶ 2.a.11. After handcuffing his legs and feet, they moved him to another cell for decontamination and medical assessment, where they noticed his eye was swollen. *Id.* at ¶¶ 2.a.12–13. They then transferred him to a different section of the prison. *Id.* at ¶ 2.a.14.

At that point, USP Leavenworth staff changed Askew into clean clothing. Doc. 95 at ¶ 2.a.15. Public Health Services Officer Jeremie Gregory was involved in changing Askew's clothing. *See id.* at 3–4. Gregory found a piece of cloth attached to a piece of a shoe wrapped around Askew's genitals. *Id.* at ¶ 2.a.16. Askew asked Gregory not to remove the material around his genitals, but Gregory did so anyway. *Id.* at ¶¶ 2.a.18–19. In the process of removing the material, Gregory touched Askew's scrotum and penis. *Id.* at ¶ 2.a.19.

Later that day, Askew was transferred to the Oklahoma Transfer Center. Doc. 95 at ¶ 2.a.21. He complained of pain in his left eye and received Tylenol one time. *Id.* at ¶¶ 2.a.20, 22.

**2.** A little over a year later, on June 18, 2019, Askew filed an administrative claim against USP Leavenworth, alleging that he had been physically and sexually assaulted during that incident and requesting $999,999 in damages. Doc. 95 at ¶¶ 2.a.24–25. On February 19, 2020, Askew filed his initial complaint, in which he named USP Leavenworth, Gregory, "USP unknown staff," and "B.O.P unknow[n] staff & institution" as defendants. Doc. 1 at 1. He also increased his requested damages to $25 million, requested a "temporary injunction of medical expens[es] to be paid in full by B.O.P while [the] law suit [wa]s pending," and attempted to reserve the ability to increase the requested damages "depending on the continue[d] damage and negligence caused by B.O.P personnel." *Id.* at 6.

On June 5, 2020—while he was still incarcerated, *see* Doc. 99-9 at 6—Askew filed an amended complaint naming eight defendants, Doc. 6 at 1–3; Doc. 95 at 4. Askew's claims against three of the defendants were dismissed, but he was permitted to pursue his physical and sexual assault claims against Gregory, the four John Doe defendants, and the Government. Doc. 7 at 2–3.

5

On October 5, 2020, the Government filed a motion for summary judgment and to dismiss for lack of jurisdiction. Doc. 17. A hearing was held on May 4, 2021, where Askew clarified that he intended to proceed under the Federal Tort Claims Act. Doc. 41 at 9. Defendants' motions were subsequently denied without prejudice because "the [evidence] did not provide a full picture of the relevant events and because it was . . . not entirely clear . . . what the nature or basis of Plaintiff's claims were, against whom they were pled, and in what capacity the defendants were sued." Doc. 48.

The parties have since agreed to dismiss Askew's individual claims against Gregory. Docs. 53 & 54. That leaves five defendants: John Does 1–4 and the Government. Discovery was completed by January 21, 2022. Doc. 95 at 13. Two claims remain: a battery claim under Kansas law and an Eighth Amendment claim. Doc. 95 at 10–11. These claims will be considered alleged against all Defendants. Defendants filed a motion to dismiss Askew's claims for insufficient service of process and lack of subject-matter jurisdiction, and a motion for summary judgment. Doc. 98. In a two-page, handwritten pleading (plus attachments), Askew opposes those motions.[2] Doc. 102.

## II

Askew filed battery and Eighth Amendment claims against John Doe 1, John Doe 2, John Doe 3, and John Doe 4. Doc. 95 at 10. The Government moves under Rules 12(b)(2) and 12(b)(5) to dismiss Askew's claims against John Does 1–4 for insufficient service of process and a resulting lack of personal jurisdiction.[3] Doc. 98 at 1. That motion is denied. The Government also moves to dismiss for failure to exhaust administrative remedies. Doc. 98 at 1. That motion is granted.

---

[2] The local rules require a party moving for summary judgment to provide a special notice to pro se litigants about their obligation to respond and the import of failing to do so. D. Kan. R. 56.1(d). The Government provided such notice for both the current summary judgment motion, Doc. 100, and the prior one, Doc. 19. Despite that notice, Askew did not controvert any of the 143 facts the Government offered. As a result, those facts are accepted as true for purposes of resolving the summary judgment motion.

[3] Askew's claims against these defendants are construed as *Bivens* claims. *See generally Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**A**

The Government claims Askew failed to name or serve any individual defendants within the time limits prescribed by Rule 4. Doc. 99 at 30–31. It moves to dismiss Askew's claims against the John Doe defendants for insufficient service of process. *Id.* That motion is denied.

**1.** A plaintiff may file claims against unnamed defendants if the plaintiff "provides an adequate description of some kind which is sufficient to identify the person involved so process can eventually be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). The unnamed party must eventually be identified and served to comply with Rule 4 and permit the Court to exercise personal jurisdiction over that party. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). If the plaintiff does not name the defendants but adequately describes them, the district court should "order[] their inclusion as named defendants and include[] them in the summary judgment." *Roper*, 81 F.3d at 126.

**2.** Askew identified the John Doe defendants in two filings but has neither amended his complaint to name the defendants nor provided any evidence that he served them with process. In October 2020, Askew filed a "Motion to Add Defendants," in which he named John Doe 1 as "Daniel," John Doe 2 as "Clark," John Doe 3 as "Case mgr. Hendricks," and John Doe 4 as "Case manager Wilcox." Doc. 26 at 1–4. The Government opposed that motion after moving for summary judgment, arguing that it was moot because Askew could not "support his claims with sufficient evidence to survive summary judgment." Doc. 27 at 8. Askew's motion was denied without prejudice in April 2021 to allow discovery to proceed. Doc. 41 at 3. He referred to them by name again in his response to the Government's motion to dismiss, this time by first and last name, Doc. 102 at 1, and includes their declarations that the Government appears to have prepared for purposes of this litigation, Doc. 102-1 (Daniel Donaldson); Doc. 102-2 (Kent Clark); Doc. 102-3 (Russell Hendricks); Doc. 102-4 (Peter Wilcott). But Askew has neither amended his complaint nor provided any proof—beyond mere allegation, *see id.*—that he served the John Doe defendants.

Nevertheless, Askew's naming of the John Doe defendants in his "Motion to Add Defendants" was "sufficient to identify the [people] involved." *Roper*, 81 F.3d at 126. The Tenth Circuit held in a similar situation that the district court should "order[] their inclusion as named

defendants and include[] them in summary judgment." *Id.* Therefore, it is ordered that Daniel Donaldson be included as John Doe 1, Kent Clark as John Doe 2, Russell Hendricks as John Doe 3, and Peter Willcott as John Doe 4. Following the Tenth Circuit's instruction in this unique situation, the Government's motion to dismiss for insufficient service of process is denied without prejudice.

**B**

The Government claims Askew failed to exhaust the administrative grievance process before filing his amended complaint. Doc. 99 at 26. It moves to dismiss Askew's claims against Daniel Donaldson, Kent Clark, Russell Hendricks, and Peter Willcott (formerly the John Doe defendants) on that basis. *Id.* That motion is granted.

**1.** Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), a prisoner may not bring any claims stemming from prison conditions before exhausting all administrative remedies available to him in prison. Prison conditions include "general circumstances or particular episodes" of prison life, including a single instance of a prison guard's use of force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (applying the exhaustion requirement to an inmate's Section 1983 excessive force claim against a corrections officer). And exhausting administrative remedies means pursuing "[a]ll 'available' remedies, . . . [e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages." *Id.* at 524. Those complaints must be made "in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Federal prisoners are required to exhaust the Bureau of Prisons's four-step administrative remedy program before bringing claims in federal court. *See* 28 C.F.R. § 542 *et seq.* First, a federal prisoner must file an Informal Resolution Form to attempt to resolve the complaint with the appropriate staff member, although there are some exceptions to the informal resolution requirement. *Id.* § 542.13(a). Next, within 20 days of the original incident, the prisoner must file a formal written Administrative Remedy Request with the proper institution staff member for the Warden's review. *Id.* § 542.14. If the issue remains unresolved, the prisoner must appeal the Warden's response to the appropriate Regional Director within 20 days of the date the Warden signed the response. *Id.* § 542.15. Finally, the prisoner must appeal to the General Counsel within 30 days of the Regional Director's response. *Id.*

**2.** As a federal prisoner at the time he filed this lawsuit and the amended complaint, Askew was required to exhaust his remedies with the Bureau of Prisons before filing suit. He filed his initial complaint on February 19, 2020, and his amended complaint on June 5, 2020. Doc. 95 at ¶ 2.a.26. He was imprisoned throughout that period. Doc. 99-9. He was therefore required to exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

Askew admits he did not exhaust the prison's administrative grievance process before filing his claims. Doc. 6 at 6. Indeed, he claimed, "The administrative grievance cannot offer relief for compensatory damages, personal injury, negligence, attempted murder, assault and sexual assault, and conspiracy cover-up." *Id.* But he was required to meet the exhaustion requirement even if the specific relief he sought was unavailable through the grievance process. *Porter*, 534 U.S. at 532. Because Askew did not meet the exhaustion requirement, his claims against all the individual defendants—Donaldson, Clark, Hendricks, and Willcott—must be dismissed. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1309 (10th Cir. 2010).

### III

Askew advances three claims for damages against the Government for conduct undertaken by its employees. First, Askew claims Gregory—a Public Health Services (PHS) nurse, Doc. 95 at ¶ 2.a.17—touched his genitals during the February 23 incident in violation of Kansas physical battery law, Doc. 95 at ¶¶ 3.a, 4.a.(2). Second, Askew alleges Donaldson, Clark, Hendricks, and Willcott violated Kansas physical battery law by attacking him during the same incident. *Id.* Third, Askew alleges Gregory and Donaldson's actions violated his Eighth Amendment right against cruel and unusual punishment. *Id.* at ¶ 4.a.(1).

The Government may not be sued unless Congress has waived its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, waives the Government's immunity and permits suits for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" if a private person performing the same acts in the same circumstances would be liable under local law. 28 U.S.C. § 1346(b)(1). But the FTCA specifies certain categories of claims to which sovereign immunity still applies. *See generally* 28 U.S.C. § 2680. If an FTCA claim falls in one of those categories, sovereign immunity applies and that claim "must be

dismissed for want of federal subject matter jurisdiction." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 853 (10th Cir. 2005) (citing *Dalehite v. United States*, 346 U.S. 15, 31 (1953)).

The Government claims sovereign immunity from Askew's claims. Doc. 98. It moves to dismiss Askew's sexual assault claim for lack of subject-matter jurisdiction under Rule 12(b)(1). Doc. 99 at 31–34. The Government also moves for summary judgment on Askew's physical assault claim under Rule 56. *Id.* at 40–42. Both motions are granted.

### A

Askew pursues a Kansas battery claim against the Government under the FTCA, Doc. 95 at ¶ 1.d, alleging that Gregory sexually assaulted him when he removed the materials around Askew's genitals, *id.* at 7. The Government moves to dismiss this claim on the basis that the FTCA does not permit Askew to bring claims against it for Gregory's conduct because he is not a law enforcement officer. Doc. 99 at 31–34. Therefore, the Government, as a sovereign, is immune from suit, and Askew's claim must be dismissed for lack of subject-matter jurisdiction. *Id.*

**1.** The FTCA permits suit against the Government for claims arising out of certain intentional torts, including battery, but only if the tortfeasor is an "investigative or law enforcement officer." 28 U.S.C. § 2680(h); *Estate of Trentadue*, 397 F.3d at 853. If the perpetrator of the intentional tort is not an "investigative or law enforcement officer," sovereign immunity applies, and that claim is barred. *Id.* The statute defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

**2.** The question of subject-matter jurisdiction turns on whether Gregory is an "investigative or law enforcement officer" within the meaning of 28 U.S.C. § 2680(h). As the Tenth Circuit has noted, "The determination of whether the FTCA excepts the government's actions from its waiver of sovereign immunity involves both jurisdictional and merits issues." *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997). That is a factual inquiry, so all evidence relevant to the jurisdictional question will be considered. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (quoting *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

Gregory is not an "investigative or law enforcement officer, so the FTCA prohibits Askew's common-law battery claim against the Government. The parties' stipulations in the Pretrial Order confirm this. They agree that "Lieutenant Commander Gregory was a PHS officer," "PHS officer[s] are not empowered by law to execute searches, to seize evidence, or to make arrest for violation of federal law," and "Gregory was a PHS officer and not a law enforcement officer." Doc. 95 at ¶ 2.a.17. Because Gregory does not meet the definition of "investigative or law enforcement officer" under 28 U.S.C. § 2680(h), Askew may not bring this claim under the FTCA. *Dry v. United States*, 235 F.3d 1249, 1257 (10th Cir. 2000). The Government has therefore not waived its sovereign immunity for this claim, so it must be dismissed for lack of subject-matter jurisdiction. And because this dismissal "operates on the merits" of Askew's claim, his claim is dismissed with prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

**B**

Askew also alleges battery under the FTCA based on the conduct of Donaldson, Clark, Hendricks, and Willcott (formerly John Does 1–4). He asserts he was "hit with fist [sic] and an object to [his] face," so hard that he felt his brain "shift." Doc. 95 at 7. He seeks to recover for "emotional [and] mental . . . injuries that may last a lifetime." Doc. 95 at 12. The Government moves for summary judgment on this claim because Askew's injury—a swollen eye—is de minimis and therefore does not satisfy the FTCA's requirements, and because Gregory's alleged actions were not a sexual act under the FTCA. Doc. 99 at 34–40; *see also* Doc. 102-5 (photo spreadsheet of Askew). The Government's motion for summary judgment for lack of subject-matter jurisdiction is granted as to Askew's emotional and mental injury claims.

**1.** If a plaintiff has been convicted of a felony and is serving a sentence, that plaintiff may not file an FTCA claim to recover for "mental or emotional injury suffered while in custody" without first showing "physical injury or the commission of a sexual act . . . ." 28 U.S.C. § 1346(b)(2). This stems from the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), which prohibits prisoners from bringing civil actions in general "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

Neither the PLRA nor the FTCA defines "physical injury." The Tenth Circuit has not interpreted physical injury in these statutes

11

either. But, as the Western District of Oklahoma recently recognized, other circuit courts of appeals have consistently held that the PLRA requires the injury to be more than de minimis. *Jordanoff v. Lester*, No. CIV-15-939, 2018 WL 1352184, at *2 (W.D. Okla. Mar. 15, 2018) (collecting cases). Other district courts in the Tenth Circuit have likewise held that the PLRA's physical injury requirement for mental or emotional damages requires more than a de minimis injury, and they have applied that same standard to the FTCA. *See, e.g.*, *Susinka v. Trujillo*, No. 21-cv-01837, 2022 WL 17770641, at *6 (D. Colo. Dec. 19, 2022) (noting that in the FTCA context, the District of Colorado "understands 'physical injury' to mean more than a de minim[is] injury").

De minimis injuries are those that do not require medical treatment or cause long-term damage. Bruising, swelling, a loosened tooth, and a hairline finger fracture "requir[ing] little medical treatment and no pain medication" have all been held de minimis as a matter of law. *Hill v. Crum*, 727 F.3d 312, 319 (4th Cir. 2013). Likewise, a bruised ear that took three days to recover was held to be de minimis. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Courts have consistently held that "bruising as a result of some physical contact fail[s] to satisfy the 'physical injury' requirement . . . ." *Jones v. Cowens*, Case No. 09-cv-01274, 2010 WL 3239286, at *3 (D. Colo. Aug. 12, 2010) (first citing *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (unpublished); and then citing *Siglar*, 112 F.3d at 193). And an injury requiring only minor first aid and Tylenol with no lasting effects did not qualify as a physical injury under the FTCA. *Homen v. United States*, No. 00 CIV. 3883, 2002 WL 844347, at *7 (S.D.N.Y. May 2, 2002).

Alternatively, an incarcerated felon may bring an FTCA action against the United States for mental or emotional injury if the claimant can also show a government employee committed "a sexual act." 28 U.S.C. § 1346(b)(2). The FTCA defines a sexual act as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2). This contrasts with the FTCA's definition of sexual contact, which includes "the intentional touching, either directly or through the clothing, of the genitalia . . . of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). And the FTCA requires the plaintiff to show commission of a sexual act—not sexual contact—to recover for mental or emotional injury. 28 U.S.C. § 1346(b)(2).

**2.** Askew is a convicted felon, Doc. 95 at 2, and was serving a sentence at USP Leavenworth when he filed suit, *see* Doc. 95 at 4; Doc. 99-9 at 6. Therefore, he must show either that he suffered more than a de minimis physical injury or fell victim to a sexual act to sustain an action for the alleged mental and emotional injuries he suffered while in custody. *See* 28 U.S.C. § 1346(b)(2).

The mental or emotional injury bar applies here because Askew's physical injury is de minimis. Askew initially alleged he sustained a swollen eye, head injury, and body injury. Doc. 6 at 4–5. But by the close of discovery, Askew claimed only "emotional, mental, and physical injuries that may last a lifetime." Doc. 95 at 12. He has presented no evidence of physical injuries beyond the photographs taken the day of the incident, which show only a bruised eye and a forehead cut. *See* Doc. 102-5. He complained that his eye was swollen and painful. Doc. 95 at 4. The only medical care Askew alleges he received for the bruised eye is "over the counter Tylenol once." Doc. 95 at 4. Because mere bruising that requires no more than first aid and that lasts only a few days is a de minimis injury, Askew's injuries do not satisfy the FTCA's physical injury requirement to recover damages for mental or emotional injuries. *See Jones*, 2010 WL 3239286, at \*3; *Siglar*, 112 F.3d at 193.

Askew also has not shown commission of a sexual act within the meaning of the FTCA. The parties agree that Gregory "touched [Askew]'s scrotum and penis" to remove material that was tied around them. Doc. 95 at ¶ 2.a.19. Askew also alleges that Gregory rubbed his penis and testicles "in a[n] unpleasurable way . . ., flip[ped] them from side to side in a sexual way, and . . . took control of [Askew's] penis like it was his 'own.'" *Id.* at 7. But none of that is a "sexual act" under

13

28 U.S.C. § 1346(b)(2). And even if it were considered sexual contact, the FTCA requires a showing of a predicate *sexual act* to file a claim for mental or emotional injuries. *See* 28 U.S.C. § 1346(b)(2). Because Askew has shown neither a physical injury nor commission of a sexual act, the Government has not waived its sovereign immunity from Askew's mental or emotional injury claims, and those claims must be dismissed for lack of subject-matter jurisdiction.

The FTCA waives the Government's sovereign immunity for claims based on physical injuries, even de minimis ones. *Carter v. United States*, 694 F. App'x 918, 923 (4th Cir. 2017). Askew has not identified the theories under which he is entitled to damages—such as compensatory, punitive, or nominal damages—but he has alleged he suffered physical injuries as well as mental and emotional ones. Doc. 95 at 12. Construing his pro se claims liberally, the FTCA permits Askew to file suit for those physical injuries. As a result, Askew's physical injury claim should not be dismissed for lack of subject-matter jurisdiction.

## C

The Government also moves for summary judgment as to Askew's remaining physical injury claim, asserting that the correctional officers would not be tortiously liable under Kansas law, so the Government is not liable for that conduct under the FTCA. Doc. 99 at 40–43. Askew claims "the physical and sexual assault was severe and caused . . . physical injuries that may last a lifetime." Doc. 95 at 12. He alleges a battery claim under Kansas law based on those injuries. *Id.* at ¶ 4.a.(2). For the following reasons, the Government's motion for summary judgment, Doc. 98, is granted.

**1.** The FTCA waives the Government's sovereign immunity for its tortious conduct if "a private individual under like circumstances in that jurisdiction would be liable." *Haceesa v. United States*, 309 F.3d 722, 725 (10th Cir. 2002) (citing 28 U.S.C. §§ 1346(b), 2674). This requires application of "relevant state law." *Stokes v. United States*, 967 F.3d 1034, 1037–38 (10th Cir. 2020). All relevant events occurred in Kansas, *see* Doc. 95 at ¶¶ 2.a.2–2.a.21, and the parties agree that Kansas law governs Askew's substantive assault claims, *id.* at ¶ 1.d.

In Kansas, correctional officers may use reasonable force to carry out their duties. Kansas defines battery as "(1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." Kan. Stat. Ann. § 21-5413(a). Kansas also permits law

enforcement officers to use "any force which [they] reasonably believe[] to be necessary" to make an arrest. *Id.* § 21-5227. As long as the force is reasonable, law enforcement officers may not be held civilly liable for their use of force. *Dauffenbach v. City of Wichita*, 8 Kan. App. 2d 303, 310, *aff'd* 667 P.2d 380 (Kan. 1983). That right also applies "to correctional officers . . . in maintaining security, control, and discipline in the correctional situation." Kan. Admin. Regs. 44-5-106(a); *see also State v. Kling*, No. 115,062, 2018 WL 297491, at *4 (Kan. Ct. App. Jan. 5, 2018). A correctional officer may use more force than is required, but that force becomes excessive when it is "unreasonable" or used "wantonly or maliciously" to injure a person. *Dauffenbach*, 8 Kan. App. 2d at 308.

**2.** The correctional officers used reasonable force when they forcibly entered Askew's cell, restrained him, changed his clothes, and transferred him. The video of the incident, Def. Ex. 14, shows that Askew had barricaded himself in his cell and refused to be transferred, *id.* at track 1, 0:54–1:07, 8:13–8:28, 8:55–12:14; track 3, 1:20–1:35. After Askew tried to hit the officers through the cell bars, *id.* at track 1, 10:43–10:59, the officers used a ram to push him away from the cell doors *id.* at track 3, 1:54–3:55. Then when they entered the cell, the officers restrained Askew and guided him out of the cell. *Id.* at track 3, 6:08–7:40. He was physically examined by Gregory, *id.* at track 3, 8:30–10:00, then he was put in a wheelchair and pushed into a different building, *id.* at track 3, 10:45–16:36. At that point, he was carried to a room where his clothes were removed. *Id.* at track 3, 16:36–28:00. Gregory removed the materials Askew had wrapped around his genitals and the officers dressed Askew. *Id.* at track 3, 28:00–32:30.

At no point did the officers use more force than was reasonably necessary. They repeatedly asked Askew to cooperate voluntarily before resorting to any use of force. When they eventually forcibly transferred Askew, they did so with minimal force under the circumstances. The video does not reveal any guards striking Askew, either with their fists or with any other objects. *Contra* Doc. 95 at 7. Askew has presented no evidence that the officers used unreasonable force beyond mere allegations. And mere allegations are insufficient to proceed past summary judgment. *Janny v. Gamez*, 8 F.4th 883, 899 (10th Cir. 2021).

Askew cannot prevail on his FTCA claim for physical battery against the Government. Even if the officers' actions would constitute battery, they could not be held liable under Kansas law because they used reasonable force to maintain order in USP Leavenworth. Kan. Stat. Ann. § 21-5227; Kan. Admin. Regs. 44-5-106(a). And if the

officers could not be held liable for battery, the FTCA has not waived the Government's sovereign immunity against that claim. 28 U.S.C. § 2674. Summary judgment must therefore be granted to the Government.

### D

Askew asserts an Eighth Amendment claim against the Government, claiming that Gregory, Donaldson, Clark, Hendricks, and Willcott violated his right to be free from cruel and unusual punishments by subjecting him to "the unnecessary and wanton infliction of pain that . . . was totally without penological justification." Doc. 95 at ¶ 4.a.(1). The Government argues that this claim is barred by sovereign immunity. *Id.* at 12.

Sovereign immunity bars Askew's Eighth Amendment claim against the Government. The parties agree that the FTCA does not apply to this claim and instead assert that "the governing law is the Eighth Amendment and the case law interpreting and applying the Eighth Amendment." Doc. 95 at ¶ 1.d. But as explained above, the Government is immune from suit unless Congress has waived its sovereign immunity, and it has not done so for constitutional claims seeking damages. *See FDIC v. Meyer*, 510 U.S. 471, 475, 477–78 (1994) (dismissing a constitutional tort claim against a federal agency after finding the FTCA did not provide a cause of action). As a result, Askew's claim is barred by sovereign immunity and must be dismissed for lack of subject-matter jurisdiction.

### IV

For the reasons set forth above, the following are ordered:

Daniel Donaldson is included as a defendant in this action as John Doe 1.

Kent Clark is included as a defendant in this action as John Doe 2.

Russell Hendricks is included as a defendant in this action as John Doe 3.

Peter Willcott is included as a defendant in this action as John Doe 4.

The Government's motion to dismiss for lack of service of process is DENIED without prejudice.

The Government's motion to dismiss Askew's claims against Daniel Donaldson, Kent Clark, Russell Hendricks, and Peter Willcott for failure to exhaust administrative remedies is GRANTED.

The Government's motion to dismiss Askew's sexual assault claim under the FTCA is GRANTED.

The Government's motion for summary judgment on Askew's physical assault claim under the FTCA is GRANTED.

Askew's Eighth Amendment claim against the Government is DISMISSED for lack of subject-matter jurisdiction.

It is so ordered.


Date: January 13, 2023               s/ Toby Crouse
                                     Toby Crouse
                                     United States District Judge